■ In the Matter of DEREK TOLBERT, Petitioner, v TAMARA SCOTT, Respondent. (Proceeding No. 1.) In the Matter of SANDRA SCOTT, Appellant, v TAMARA SCOTT, Respondent, and DEREK TOLBERT, Respondent. (Proceeding No. 2.) [840 NYS2d 112]—

In two related child custody proceedings pursuant to Family Court Act article 6, the maternal grandmother, the petitioner in proceeding No. 2, appeals from an order of the Family Court, Queens County (DePhillips, J.), dated June 23, 2006, which, after a hearing to determine whether or not extraordinary circumstances existed, dismissed that branch of her petition which was for sole custody of the subject child on the ground that she lacked standing and, without a hearing on the issue of visitation, granted that branch of her petition which was, in effect, for visitation with the subject child only to the extent of awarding her limited visitation.

Ordered that the order is affirmed, without costs or disbursements.

In a prior decision and order of this Court in these proceedings (see Matter of Tolbert v Scott, 15 AD3d 493 [2005]), we remitted these proceedings to the Family Court, Queens County, to conduct a hearing to determine whether extraordinary circumstances existed (see Domestic Relations Law § 72 [2]), and to conduct a hearing on the issue of temporary custody. After a full hearing, the Family Court determined that the grandmother had failed to meet her burden in demonstrating extraordinary circumstances and dismissed that branch of her petition which was for sole custody of the subject child on the ground that she lacked standing. The Family Court then granted the grandmother limited visitation with the subject child.

The Family Court properly found that the grandmother failed to demonstrate the existence of extraordinary circumstances. "As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that

right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (*Matter of Wilson v Smith,* 24 AD3d 562, 563 [2005]). Contrary to the grandmother's contention, she failed to show that there was any "extended disruption of custody" where the father voluntarily relinquished care and control of the subject child (*see* Domestic Relations Law § 72 [2] [b]). It is undisputed that the subject child resided in the grandmother's home for approximately four years. However, the biological mother also resided in that home, and the father visited with the subject child and provided her with, among other things, financial support. Moreover, the grandmother failed to show that the father was mentally or physically unfit to have custody of the child, that there was a protracted separation of the father from the child, or that the attachment of the subject child to her was so strong that a separation threatened the destruction of the child (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 550 [1976]).

Following the dismissal of that branch of the grandmother's custody petition which sought sole custody of the subject child, the father submitted a proposed schedule for visitation between the grandmother and the subject child. The grandmother contends that she was awarded insufficient visitation with the subject child and argues that the Family Court erred in making the visitation award without conducting a hearing. There is a strong presumption that a fit parent's decisions are in the child's best interests (*see Matter of E.S. v P.D.,* 8 NY3d 150, 157) and such a decision should be accorded special weight (*see Troxel v Granville,* 530 US 57, 70 [2000]). Under the circumstances of this case, the record contains ample evidence to support the Family Court's determination that the order of visitation was in the subject child's best interests and that a hearing was unnecessary (*cf. Matter of Marks v Cascio,* 24 AD3d 556 [2005]). Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.