Appeal by the maternal grandmother from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated October 6, 2016. The order, after a hearing, dismissed her petition for custody of the subject child based on lack of standing.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In this custody proceeding, the subject child lived with his mother and maternal grandmother from the time of his birth until the mother died on August 24, 2015. At the time of the mother’s death, she was engaged to be married to the child’s father. In November 2015, the grandmother filed a petition for custody of the child. The Family Court held a hearing to determine if extraordinary circumstances existed to confer standing upon the grandmother. After the hearing, the court dismissed the petition based on lack of standing, finding that the grandmother had failed to establish the existence of extraordinary circumstances. The grandmother appeals.
 

 Contrary to the grandmother’s contention, the Family Court did not apply the wrong standard, and the fact that the child’s mother was deceased did not constitute a “per se” extraordinary circumstance under Domestic Relations Law § 72 to give her standing to seek custody. Domestic Relations Law § 72 (1) gives a grandparent standing to seek visitation when one or both of the parents are deceased, but does not apply to cases in which the grandparent seeks custody.
 

 Pursuant to Domestic Relations Law § 72 (2) (a), a grandparent may commence a proceeding for custody of his or her grandchild based upon the existence of extraordinary circumstances. However, “ ‘[i]n a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances’ ” (Matter of Maddox v Maddox, 141 AD3d 529, 529 [2016], quoting Matter of Bailey v Carr, 125 AD3d 853, 853 [2015]; see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Bennett v Jeffreys, 40 NY2d 543, 546-548 [1976]; Matter of Jamison v Britton, 141 AD3d 522, 524 [2016]). The nonparent bears the burden of proving the existence of extraordinary circumstances in order to establish his or her standing to seek custody of the subject child against a parent (see Matter of Suarez v Williams, 26 NY3d at 448; Matter of Maddox v Maddox, 141 AD3d at 529; Matter of Jamison v Britton, 141 AD3d at 524; Matter of Santiago v Henderson, 122 AD3d 866, 867 [2014]). In the absence of a showing of extraordinary circumstances, no inquiry into the best interests of the child is triggered (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Maddox v Maddox, 141 AD3d at 529; Matter of Jamison v Britton, 141 AD3d at 524; Matter of Bailey v Carr, 125 AD3d at 853; Matter of Santiago v Henderson, 122 AD3d at 867).
 

 Contrary to the grandmother’s contention, she failed to establish extraordinary circumstances pursuant to Domestic Relations Law § 72 (2) based on an extended disruption of custody (see Matter of Tolbert v Scott, 42 AD3d 548, 548-549 [2007]; cf. Matter of DiBenedetto v DiBenedetto, 108 AD3d 531, 532 [2013]). Am extended disruption of custody includes a prolonged separation between a parent and a child for at least 24 continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of a grandparent (see Domestic Relations Law § 72 [2] [b]). Here, the grandmother failed to show that the father voluntarily relinquished care and control of the child (see Matter of Tolbert v Scott, 42 AD3d 548 [2007]). The evidence established that, at all times, the father visited with the child, provided financial support from when the child was born, and was mentally and physically fit. Although the child lived with the mother and the grandmother from the time the child was born in December 2012, the grandmother did not become the child’s caregiver and custodian until the mother died in August 2015. Therefore, when she petitioned for custody, she had only been the child’s custodian for three months, not for almost three years as she claimed. Although Domestic Relations Law § 72 (2) (b) allows the court to find that extraordinary circumstances exist where a prolonged separation between a parent and a child lasts for less than 24 months, here, the evidence established that the father sought to take custody of the child after the mother died, and the grandmother refused to release the child. In addition, the Family Court directed that the child stay with the grandmother pending the outcome of the hearing. Moreover, the father testified that because he and the mother were engaged to be married, he did not petition for custody prior to the mother’s death.
 

 Furthermore, while there is no doubt that the child bonded with the grandmother, the grandmother failed to show that separating the child from either her or the child’s sibling would threaten the child’s well being (see Matter of Bennett v Jeffreys, 40 NY2d at 550). A parent cannot be displaced merely because the child has bonded psychologically with a nonparent (see Matter of Bailey v Carr, 125 AD3d at 854; Matter of Jody H. v Lynn M., 43 AD3d 1318, 1319 [2007]; Matter of Esposito v Shannon, 32 AD3d 471, 473 [2006]).
 

 In addition, contrary to the contention of the attorney for the child, the Family Court providently exercised its discretion in declining to direct forensic evaluations, since the court had sufficient information to enable it to render its extraordinary circumstances determination without forensic reports (see Matter of Bailey v Carr, 125 AD3d at 854; Matter of Solovay v Solovay, 94 AD3d 898, 900 [2012]; Matter of Rhodie v Nathan, 67 AD3d 687, 688 [2009]).
 

 Accordingly, the Family Court’s determination that the grandmother failed to establish extraordinary circumstances conferring standing to seek custody of the child was supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Bailey v Carr, 125 AD3d at 853).
 

 Dillon, J.R, Balkin, Miller and LaSalle, JJ., concur.