Matter of Hawkins v O'Dell (2018 NY Slip Op 08221)





Matter of Hawkins v O'Dell


2018 NY Slip Op 08221


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525765

[*1]In the Matter of CYNTHIA HAWKINS, Appellant,
v
SETH O'DELL, Respondent. (And Another Related Proceeding.)

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Cowen Law Firm, LLP, Sidney (Sarah Cowen of counsel), for appellant.
Natoli & Natoli, LLP, Norwich (Lisa A. Natoli of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an amended order of the Family Court of Otsego County (Lambert, J.), entered January 12, 2017, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the grandmother) is the maternal grandmother and respondent (hereinafter the father) is the father of the subject child (born in 2004). The parents shared legal custody of the child pursuant to a 2012 consent order, with primary physical placement to the mother and visitation to the father. The mother, the child and other family members moved into an apartment at the grandmother's residence in 2014. The child's bedroom was in the grandmother's living space, and the grandmother was responsible in large part for his care.
The mother died in January 2016 and, within a week, the child was living with the father. By the end of the month, the father petitioned for modification of the 2012 order to grant him sole custody of the child. In March 2016, the grandmother petitioned for custody and/or visitation. Following a hearing that included a Lincoln hearing on the petitions, Family Court found that the grandmother had not demonstrated extraordinary circumstances warranting an award of custody to her (see Domestic Relations Law § 72 [2] [a]). Family Court further found that the death of the mother afforded the grandmother standing to seek visitation (see Domestic Relations Law § 72 [1]) and, upon a consideration of the child's best interests, awarded sole custody to the father and specified visitation to the grandmother. The grandmother now appeals and argues, with the support of the attorney for the child, that she established the existence of extraordinary circumstances and that the best interests of the child lie with an award of custody to her.
"Under settled law, a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption [*2]of custody over an extended period of time or other extraordinary circumstances, and the nonparent bears the heavy burden of establishing extraordinary circumstances to overcome the [parent's] superior right to custody" (Matter of Liz WW. v Shakeria XX., 128 AD3d 1118, 1120 [2015] [internal quotation marks and citations omitted], lv dismissed 25 NY3d 1195 [2015]; see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Cramer v Cramer, 163 AD3d 1077, 1078 [2018]; Matter of Loretta RR. v Maryann SS., 160 AD3d 1065, 1066 [2018]). The quality of the child's relationship with the parent and the nonparent, whether the child had lived with the nonparent for any length of time and any delay by the parent in seeking primary physical placement are all relevant factors in discerning the existence of extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d at 449-450; Matter of Chasity CC. v Frederick DD., AD3d ___, ___, 2018 NY Slip Op 07012, *2 [2018]; Matter of Perry v Perry, 160 AD3d 1144, 1145 [2018]; Matter of Battisti v Battisti, 121 AD3d 1196, 1197 [2014]). If, and only if, the nonparent establishes extraordinary circumstances may a court "then consider what custodial arrangement serves the best interests of the child[]" (Matter of Chasity CC. v Frederick DD., 2018 NY Slip Op 07012 at *1; see Matter of Loretta RR. v Maryann SS., 160 AD3d at 1068).
There is no question that the grandmother has always been close to the child and that, while the child was physically placed with the mother, the grandmother played a major role in his care from 2014 until the mother's death in January 2016. It cannot be said that the father voluntarily acceded to this, however, as the grandmother did not tell him of either her role or that it was due to what she described as the mother's inadequate parenting. The record also suggests that the father would not have tolerated the situation had he known of it, as he promptly took charge of the child following the mother's death and had previously sought to modify the established custodial arrangement upon learning that the mother was absent from the family residence (see Matter of Sellers v Brown, 155 AD3d 1047, 1048-1049 [2017], lv denied 31 NY3d 901 [2018]; cf. Matter of Marcus CC. v Erica BB., 107 AD3d 1243, 1245 [2013], appeal dismissed 22 NY3d 911 [2013]). As for the father's fitness as a parent, he acknowledged that an unpleasant relationship with the mother had left him with little knowledge of the child's educational and medical affairs, and he did not avail himself of many chances to learn about and participate in the child's life. Family Court nevertheless credited the father's testimony that he had always maintained contact with the child and had exercised the parenting time to which he was entitled. Moreover, while the record suggests that father was hampered by his ignorance of the child's medical and educational history and had made occasional missteps as a custodial parent, the child has been adequately cared for overall and, as Family Court observed, improved his academic performance under the father's care. According due deference to the credibility assessments of Family Court, and "[m]indful that courts are 'powerless to supplant parents except for grievous cause or necessity,'" we perceive the foregoing to constitute a sound and substantial basis in the record for the finding that the grandmother did not demonstrate extraordinary circumstances so as to permit a best interests analysis (Matter of Burton v Barrett, 104 AD3d 1084, 1085 [2013], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 546 [1976]; see Matter of Tolbert v Scott, 42 AD3d 548, 549 [2007]).
McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the amended order is affirmed, without costs.