Matter of Bruen v Merla-Profenna (2020 NY Slip Op 01494)





Matter of Bruen v Merla-Profenna


2020 NY Slip Op 01494


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-15082
 (Docket Nos. V-00275-15, V-00416-15)

[*1]In the Matter of Daniel Joseph Bruen, appellant,
v
Joann Merla-Profenna, respondent. (Proceeding No. 1.)
In the Matter of Joann Merla-Profenna, petitioner- respondent,
v
Daniel Joseph Bruen, appellant, et al., respondent. (Proceeding No. 2.)


Warren S. Hecht, Forest Hills, NY, for appellant.
Johnson & Cohen, LLP, White Plains, NY (Mitchell Cohen of counsel), for respondent in Proceeding No. 1 and petitioner-respondent in Proceeding No. 2.
Jeffrey Schonbrun, New City, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated October 12, 2018. The order, after a hearing, granted the maternal grandmother's cross petition for custody of the subject child, with parental access to the father, and, in effect, denied the father's petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the father and the maternal grandmother of the subject child, who was born in 2009. The child has resided with the grandmother since June 2011. The child first resided with the grandmother while he was in the custody of his mother, and then in the temporary custody of the grandmother after the mother moved out of the grandmother's residence and a neglect proceeding was commenced against the mother in January 2013. The father thereafter filed a petition seeking custody of the child, which was dismissed without prejudice in December 2013, because the father did not have a stable living situation or any way to support the child. In February 2015, the father filed his instant custody petition, and the grandmother filed a cross petition for custody of the child. On January 19, 2017, after a hearing, the Family Court determined that the grandmother had demonstrated the extraordinary circumstances necessary for her to seek custody of the child. In an order dated October 12, 2018, after a further hearing on the child's best interests, the court awarded custody of the child to the grandmother, with certain parental access to the father. The father appeals.
Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek [*2]custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" (Matter of Bennett v Jeffreys, 40 NY2d 543, 546), "or other like extraordinary circumstances" (id. at 544; see Matter of Suarez v Williams, 26 NY3d 440, 446). "Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of North v Yeagley, 96 AD3d 949, 950).
"Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Gonzalez v Pagan, 178 AD3d 1039, 1040 [internal quotation marks omitted]). Here, we agree with the Family Court's determination that the grandmother demonstrated that she had standing to seek custody by establishing the existence of extraordinary circumstances based upon a prolonged separation of the father and the child for at least 24 continuous months during which the father voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent (see Domestic Relations Law § 72[2][b]; Matter of Suarez v Williams, 26 NY3d at 444). Although the child's mother resided with the grandmother, and had custody of the child, during a portion of the period the child resided with the grandmother, the "reality of the family's situation" was that the grandmother cared for the child since June 2011, without financial contribution by the father (Matter of Suarez v Williams, 26 NY3d at 445; cf. Matter of Schmitt v Troche, 155 AD3d 739, 741). Moreover, even if the time period during which the mother resided with the grandmother and the child is excluded (see Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440), the father did not file his instant custody petition until more than two years after the mother moved out of the grandmother's residence and the grandmother obtained temporary custody of the child. Although the father commenced a previous custody proceeding during this time (see generally Matter of Male Infant L., 61 NY2d 420, 429), he did so without stable housing or any way to support the child, while the grandmother remained the child's primary caregiver, established a bond with the child, and provided for the child's needs with little assistance from the father (see Matter of DiBenedetto v DiBenedetto, 108 AD3d 531, 533; Matter of Magana v Santos, 70 AD3d 1208, 1209; Matter of Cockrell v Burke, 50 AD3d 895, 896-897). Further, the court's determination that awarding custody of the child to the grandmother was in the child's best interests has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171).
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court