Matter of Mumford v Milner (2020 NY Slip Op 03012)





Matter of Mumford v Milner


2020 NY Slip Op 03012


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-04176 
2019-04177
 (Docket No. V-8366-17)

[*1]In the Matter of Cathy Mumford, petitioner-respondent,
v
Courtney A. Milner, appellant, et al., respondent.


Gail Jacobs, Great Neck, NY, for appellant.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated February 15, 2019, and (2) an order of the same court, also dated February 15, 2019. The first order, after a hearing, granted the maternal grandmother's petition for sole legal and physical custody of the subject child subject to the mother's parenting time. The second order, insofar as appealed from, granted the maternal grandmother's petition for sole legal and physical custody of the child subject to the mother's specified parenting time.
ORDERED that the first order is affirmed, without costs or disbursements; and it is further,
ORDERED that the second order is affirmed insofar as appealed from, without costs or disbursements.
The subject child, who was born in 2006, lived with his mother and his maternal grandmother (hereinafter the grandmother) in the grandmother's home from his birth until 2012, when the mother moved out after an argument. Thereafter, the mother visited the child on weekends and returned to live with the child and the grandmother for a short period of time in 2016. In August 2017, the grandmother commenced this proceeding for sole legal and physical custody of the child. In September 2017, the mother removed the child from the grandmother's home and took him to live with her. In October 2017, the Family Court awarded the grandmother temporary sole legal and physical custody of the child pending a hearing on her petition.
At the hearing, it was established that during the period of time the child resided with the grandmother, the grandmother was the child's primary caregiver, provided for him physically and financially, and made all major decisions regarding his health, education, and welfare. Although the mother visited regularly, maintained daily telephone contact, resided with the grandmother and the child for approximately two months in 2016, and provided input with regard to some of the decisions affecting the child, the Family Court, after a hearing, determined that the grandmother had standing to seek custody and that it was in the best interests of the child to award sole legal and physical custody to the grandmother with stated parenting time to the mother. The mother appeals.
Pursuant to Domestic Relations Law § 72, where a grandparent can demonstrate the existence of extraordinary circumstances, such grandparent may petition the court, and the court may make such directions as the best interests of the child may require, for custody (see Domestic Relations Law § 72[2][a]). An "extended disruption of custody," as defined by statute, constitutes an extraordinary circumstance (id.). As defined, " extended disruption of custody' shall include, but not be limited to, a prolonged separation of the respondent parent and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents, provided, however, that the court may find that extraordinary circumstances exist should the prolonged separation have lasted for less than twenty-four months" (Domestic Relations Law § 72[2][b]).
In Matter of Suarez v Williams (26 NY3d 440, 444), the Court of Appeals held that "grandparents may demonstrate standing to seek custody based on extraordinary circumstances where the child has lived with the grandparents for a prolonged period of time, even if the child had contact with, and spent time with, a parent while the child lived with the grandparents." In that case, the Court stated that "[w]hile courts must determine on a case-by-case basis whether the level of contact between the parent and child precludes a finding of extraordinary circumstances, it is sufficient to show that the parent has permitted . . . an extended disruption of custody'" (id. at 451). Moreover, the Court noted that even if the parent exercised some control over the child, that parent may still have voluntarily relinquished care and control of the child to the grandparent to the extent that the grandparent is, in essence, acting as a parent with primary physical custody (see id.).
Here, the record supports the Family Court's determination that the mother voluntarily relinquished care and control of the child for more than 24 months, even though she had regular contact and parenting time with him (see id. at 453-454). The mother allowed the grandmother to assume control over, and responsibility for the care of, the child while he resided with her for a prolonged period of time, during which the mother assumed the role of a noncustodial parent (see id. at 453). "Where, as here, the mother has effectively transferred custody of the child to [the grandmother] for a prolonged period of time, the circumstances rise to the level of extraordinary, as required under our law to confer standing upon [the grandmother] to petition the courts to formally obtain legal custody" (id. at 453-454).
As the grandmother established standing to seek custody through the demonstration of extraordinary circumstances, the Family Court properly went on to address what custody arrangement would further the best interests of the child (see id. at 454; Matter of Bennett v Jeffreys, 40 NY2d 543, 548). There is a sound and substantial basis in the record for the court's determination that the best interests of the child would be served by an award of sole legal and physical custody to the grandmother subject to the mother's parenting time as set forth by the court (see Matter of Bennett v Jeffreys, 40 NY2d at 551-552; Matter of Davis v Delena, 159 AD3d 900, 901; Matter of Sherrene R. v Sheena R., 146 AD3d 480, 480).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court