Matter of Ciriaco v Hall (2021 NY Slip Op 01042)





Matter of Ciriaco v Hall


2021 NY Slip Op 01042


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-00447
 (Docket No. V-12880-19)

[*1]In the Matter of Edwin Ciriaco, appellant,
v
Carol F. Hall, respondent; Makeda Alsina, nonparty-respondent.


Marco E. Fava, Larchmont, NY, for appellant.
W. David Eddy, Jr., White Plains, NY, for respondent.
Maria J. Frank, Yorktown Heights, NY, attorney for the child.
Marc A. Greenberg, Elmsford, NY, for nonparty-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated December 18, 2019. The order, insofar as appealed from, in effect, denied the father's petition for custody of the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The child who is the subject of this proceeding was born in 2011. For her entire life, the child has lived with the maternal grandmother. The child also lived with her mother before the mother moved out of the maternal grandmother's home. In a prior custody proceeding against the mother, the maternal grandmother was awarded sole custody of the child by order dated January 25, 2018, based upon a finding that extraordinary circumstances warranted awarding custody to the maternal grandmother, a nonparent.
Meanwhile, the father was incarcerated from 2011 until 2017. Although the father admitted in this proceeding that he was aware of the child from the child's birth, and claimed that he sought contact with her, he only obtained an order of filiation in 2019.
In the order appealed from, the Family Court, in effect, denied the father's petition for custody of the child. While the court did not use the term "extraordinary circumstances," in its oral decision, it noted that the child "has had minimal contact with the father who was incarcerated for five of the child's eight years."
In a custody dispute between a parent and a nonparent, the parent has a superior right to custody and he or she cannot be denied custody unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, unfitness, or other "extraordinary circumstances" (Matter of Lewis v Speaker, 143 AD3d 822, 823). This Court may make that finding [*2]if the record contains sufficient information to do so (see id. at 824). A hearing to determine the issue of "extraordinary circumstances" is not necessary where there are no triable issues of fact (Matter of Linda S.M. v Demetrius W., 160 AD3d 860, 862).
Pursuant to Domestic Relations Law § 72(2)(b), a grandparent may establish "extraordinary circumstances" by demonstrating that there was an "extended disruption of custody" as defined in the statute (see Matter of Mumford v Milner, 183 AD3d 893). An "extended disruption of custody" includes a prolonged separation for at least 24 continuous months during which the parent voluntarily relinquished care and control of the child and the child resided with the grandparent (Domestic Relations Law § 72[2][b] [internal quotation marks omitted]; see Matter of Mumford v Milner; 183 AD3d at 894).
The finding, in the prior custody proceeding, of extraordinary circumstances against the mother is not binding against the father, who was not a party to that proceeding. However, the maternal grandmother asserts that a hearing was not required because it was undisputed that there was an "extended disruption of custody" since the father was incarcerated from 2011 to 2017 and that the child lived with her during that time (see Matter of Bruen v Merla-Profenna, 181 AD3d 592). Here, although the father admittedly was aware of the child since her birth, he waited until 2019 to obtain an order of filiation. The fact that the father was incarcerated did not relieve him of a responsibility to maintain contact or take other action to maintain a relationship with the child (see Matter of Mikai R. [Ralph R.]., 166 AD3d 624). The Family Court based the denial of custody upon the lack of contact between the father and the child—in effect finding extraordinary circumstances without naming it as such.
Under the circumstances, the order should be affirmed insofar as appealed from.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court