Matter of Seltzer v Patterson (2021 NY Slip Op 02532)





Matter of Seltzer v Patterson


2021 NY Slip Op 02532


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2020-02902
 (Docket No. V-3476-19)

[*1]In the Matter of Robert Seltzer, et al., appellants,
v
Tara Patterson, respondent.


Law Offices of Barry J. Fisher, P.C. (Cheryl Jakinovich and Lazer Aptheker Rosella & Yedid, P.C., Melville, NY [Zachary Murdock], of counsel), for appellants.
Jeffrey S. Schechter & Associates, P.C., Garden City, NY (Joey Michaels of counsel), for respondent.
Edward J. Emanuele, Mineola, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandparents appeal from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated March 16, 2020. The order, after a hearing on the issue of extraordinary circumstances, and upon a decision of the same court dated March 16, 2020, dismissed the paternal grandparents' petition for custody of the subject child for lack of standing.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the mother and the paternal grandparents of the subject child, who was born on March 13, 2010. From 2011 to 2017, the child lived with his father in the paternal grandparents' home, and thereafter, they lived together in a separate residence. The mother resided in the State of California, where the parents had met. By 2018, the mother and the father had joint legal custody of the child, the father had sole physical custody, and the mother had parenting time with the child, although she exercised limited time with him. The mother and the father each had an extensive history of substance abuse. The father died on April 9, 2019, as a result of a drug overdose. Following the father's death, the paternal grandparents commenced this proceeding seeking sole legal and physical custody of the child, and were granted temporary physical custody of the child during the pendency of the proceeding. The mother opposed the petition. The mother testified that in the time preceding the hearing, she had regular contact with the child via TikTok, FaceTime, and texting. A hearing was held on the issue of extraordinary circumstances. After the hearing, the Family Court found that the paternal grandparents failed to prove the existence of extraordinary circumstances, and by order dated March 16, 2020, dismissed their petition for lack of standing. The child has been residing with the mother since dismissal of the paternal grandparents' petition. The paternal grandparents appeal. We affirm.
Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary [*2]disruption of custody over an extended period of time" (Matter of Bennett v Jeffreys, 40 NY2d 543, 546), "or other like extraordinary circumstances" (id. at 544; see Matter of Suarez v Williams, 26 NY3d 440, 446). Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Bruen v Merla-Profenna, 181 AD3d 592, 593; Matter of North v Yeagley, 96 AD3d 949, 950). "Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Gonzalez v Pagan, 178 AD3d 1039, 1040 [internal quotation marks omitted]).
Here, the Family Court's determination that the paternal grandparents failed to establish extraordinary circumstances conferring standing to seek custody of the child was supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Bailey v Carr, 125 AD3d 853, 853). Contrary to the paternal grandparents' contention, they failed to establish extraordinary circumstances by virtue of an extended disruption of custody pursuant to Domestic Relations Law § 72(2) (see Matter of Bailey v Carr, 125 AD3d at 853-854). Moreover, the paternal grandparents failed to show, inter alia, that the mother abandoned or persistently neglected the child, or was an unfit parent, or voluntarily relinquished physical custody of the child to them (see Matter of Sellers v Brown, 155 AD3d 1047, 1048; Matter of Jamison v Britton, 141 AD3d 522, 524; Matter of Williams v Dunston, 202 AD2d 681). Accordingly, the court correctly dismissed the paternal grandparents' petition for custody of the child for lack of standing.
The paternal grandparents' remaining contention is without merit.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court