Matter of Mooney v Mooney (2021 NY Slip Op 05571)





Matter of Mooney v Mooney


2021 NY Slip Op 05571


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-11979
 (Docket Nos. V-6613-17/18C, V-9293-17/18A)

[*1]In the Matter of Dustin D. Mooney, et al., petitioners- respondents, 
v
Monique N. Mooney, respondent, Prince Ashie, appellant. (Proceeding No. 1.)
In the Matter of Prince H. Ashie, appellant,
v
Monique N. Mooney, respondent, Dustin N. Mooney, et al., respondents-respondents. (Proceeding No. 2.)


Arza R. Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
William A. Sheeckutz, East Meadow, NY, for petitioner-respondent Dustin D. Mooney in Proceeding No. 1 and respondent-respondent Dustin N. Mooney in Proceeding No. 2.
Gail Jacobs, Great Neck, NY, for petitioner-respondent Joyce V. Mooney in Proceeding No. 1 and respondent-respondent Joyce V. Mooney in Proceeding No. 2.
Amy L. Colvin, Huntington, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated September 12, 2019. The order, insofar as appealed from, after a hearing, in effect, granted the maternal grandparents' petition for sole legal and physical custody of the subject child, with specified parental access to the father, and denied the father's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The child who is the subject of these custody proceedings was born in 2006 and is the son of Monique N. Mooney (hereinafter the mother) and Prince Ashie (hereinafter the father). In 2010, the father relocated from New York to Virginia, leaving the child with the mother, who relinquished the child's care to the maternal grandparents. Whenever the father visited the child, the father picked up and dropped off the child at the maternal grandparents' home. In July 2017, the maternal grandparents filed a petition for sole legal and physical custody of the child, after the father took the child to Virginia for approximately one month without their consent or knowledge. In September 2017, the father filed a petition for sole legal and physical custody of the child. In an order dated September 12, 2019, after a hearing, the Family Court, inter alia, in effect, granted the [*2]maternal grandparents' petition, with specified parental access to the father and, denied the father's petition. The court determined that the maternal grandparents had demonstrated extraordinary circumstances conferring standing to seek custody of the child, and thereupon determined that an award of sole legal and physical custody to the maternal grandparents would be in the best interests of the child, with specified parental access to the father. The father appeals.
The father failed to preserve his contention that the Family Court erred in conducting a combined hearing first determining that the maternal grandparents demonstrated the existence of extraordinary circumstances and then inquiring what custodial arrangement would serve the child's best interests, as he did not object to this procedure before the court (see Matter of Lucinda A. [Luba A.], 120 AD3d 492, 494). In any event, the contention is without merit as the issues of extraordinary circumstances and best interests together comprise a two-step inquiry where a nonparent seeks custody against a parent (see Matter of Suarez v Williams, 26 NY3d 440, 454; see generally Matter of Mumford v Milner, 183 AD3d 893, 895; Matter of Conroy v Conroy, 160 AD3d 727, 729).
In determining whether a nonparent may obtain custody of a child as against a parent, the "nonparent must prove the existence of 'extraordinary circumstances' such as 'surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time'" (Matter of Suarez v Williams, 26 NY3d at 446, quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 546). Pursuant to Domestic Relations Law § 72, governing a grandparent's request for custody of a minor child, an "extended disruption of custody" between the child and the parent "shall constitute an extraordinary circumstance" (Domestic Relations Law § 72[2][a]). The statute defines "extended disruption of custody" as including, but not limited to, "a prolonged separation of the respondent . . . and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents" (id. § 72[2][b]). However, the statute does not preclude a court from finding the existence of extraordinary circumstances even if the prolonged separation lasted less than 24 months (see id.). Moreover, lack of contact is not a separate element under this statute, "[r]ather, the quality and quantity of contact between the parent and child are simply factors to be considered in the context of the totality of the circumstances when determining whether the parent voluntarily relinquished care and control of the child, and whether the child actually resided with the grandparents for the required 'prolonged' period of time" (Matter of Suarez v Williams, 26 NY3d at 449). "Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730).
Here, the record supports the Family Court's determination that the father voluntarily relinquished care and control of the child after relocating to Virginia in 2010. The father's assertion that he did not know that the child was living with the maternal grandparents lacked credibility. The "reality of the family's situation" was that the maternal grandparents had been caring for the child since at least 2010 when the father left for Virginia, without financial contribution by the father (Matter of Bruen v Merla-Profenna, 181 AD3d 592, 593 [internal quotation marks omitted]). Thus, the maternal grandparents established standing to seek custody through the demonstration of extraordinary circumstances (see Matter of Hardy v Hardy, 194 AD3d 1043, 1045; Matter of Mumford v Milner, 183 AD3d at 895).
"If [a] grandparent establishes standing by demonstrating the existence of extraordinary circumstances, the court shall then make an award of custody based on the best interests of the child" (Matter of Conroy v Conroy, 160 AD3d at 729). Factors to be considered when determining custody include "which alternative will best promote stability for the child; the home environment with each [party]; each [party's] past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each [party] to foster a relationship with the other [party]" (Matter of Cretella v Stephens, 160 AD3d 846, 847). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard. Such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Boyko v Boyko, 170 AD3d 828, 829 [citation and internal quotation marks omitted]). [*3]Here, there is a sound and substantial basis in the record for the Family Court's determination that the best interests of the child would be served by an award of sole legal and physical custody of the child to the maternal grandparents, with specified parental access to the father (see Matter of Mumford v Milner, 183 AD3d at 895).
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court