Matter of Brittany N. v Anthony D. (2022 NY Slip Op 01162)





Matter of Brittany N. v Anthony D.


2022 NY Slip Op 01162


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2021-01106
 (Docket Nos. V-01692-19/19A/20B, V-11208-16/19C/19D, V-11209-16/19B/19D/19E/19F/20C)

[*1]In the Matter of Brittany N., petitioner-appellant,
v
Anthony D., et al., respondents-respondents. (Proceeding No. 1)
In the Matter of Michael D., petitioner,
v Anthony D., et al., respondents. (Proceeding No. 2)
In the Matter of Anthony D., et al., petitioners,
v
Brittany N., et al., respondents. (Proceeding No. 3)


Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Michael Alber and Christina J. Nankervis of counsel), for petitioner-appellant.
Long Tuminello, LLP, Bay Shore, NY (Kevin J. Werner and Patricia A. Deegan of counsel), for respondents-respondents.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated December 4, 2020. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was to modify a prior order of the same court dated August 9, 2016, so as to award her sole legal and physical custody of the subject child.
ORDERED that the order dated December 4, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of a child born in 2015. As a result of their substance abuse, a neglect proceeding was commenced against the parents, and the child was placed with the paternal grandparents approximately two weeks after his birth. In an order dated August 9, 2016, the Family Court, on consent of the parents, awarded sole legal and physical custody of the child to the paternal grandparents, with supervised parental access to the parents as agreed by the parties (hereinafter the custody order).
During the first year of the child's life, the mother lived with the father across the street from the grandparents and the child. After the relationship between the father and the mother [*2]ended in June 2016, the mother saw the child infrequently. In July 2017, the mother moved to California. After returning to New York in May 2018, she received substance abuse treatment, and has remained sober ever since. The mother resumed supervised parental access with the child in the summer of 2018. In September 2018, she filed a petition to modify the custody order so as to award her sole legal and physical custody of the child, or in the alternative, for increased parental access. By order dated December 4, 2020, the Family Court, after a hearing, inter alia, denied that branch of the mother's petition which was to modify the custody order so as to award her sole legal and physical custody of the child. The mother appeals.
"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness or other extraordinary circumstances" (Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Maiyasha J.M. [Sherryann Z.—Asheena P.], 183 AD3d 742, 743). This rule applies even when, as here, a prior order awarding custody to the nonparent has been issued upon consent (see Matter of Gunther v Brown, 148 AD3d 889, 889; Matter of Lallas v Bolin, 134 AD3d 1038, 1039; Matter of Mercado v Smith, 133 AD3d 762, 762). However, a nonparent may obtain custody of a child as against a parent where the nonparent establishes the existence of extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Bennett v Jeffreys, 40 NY2d at 546; Matter of Mooney v Mooney, 198 AD3d 784, 785).
"Pursuant to Domestic Relations Law § 72, governing a grandparent's request for custody of a minor child, an 'extended disruption of custody' between the child and the parent 'shall constitute an extraordinary circumstance'" (Matter of Mooney v Mooney, 198 AD3d at 785, quoting Domestic Relations Law § 72[2][a]). "An extended disruption of custody includes a prolonged separation between a parent and a child for at least 24 continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of a grandparent" (Matter of Sellers v Brown, 155 AD3d 1047, 1048; see Domestic Relations Law § 72[2][b]). "If [a] grandparent establishes standing by demonstrating the existence of extraordinary circumstances, the court shall then make an award of custody based on the best interests of the child" (Matter of Conroy v Conroy, 160 AD3d 727, 729; see Matter of Suarez v Williams, 26 NY3d at 446; Matter of Mooney v Mooney, 198 AD3d at 786).
Here, the Family Court properly determined that the paternal grandparents sustained their burden of demonstrating the existence of extraordinary circumstances, based on an extended disruption of custody of more than two years (see Matter of Mooney v Mooney, 198 AD3d at 786; Matter of Mumford v Milner, 183 AD3d 893, 895; Matter of Bruen v Merla-Profenna, 181 AD3d 592, 593). Additionally, the court's determination that the best interests of the child would be served by an award of sole legal and physical custody to the paternal grandparents, his primary caregivers for essentially his entire life, subject to liberal specified parental access with the mother, is supported by a sound and substantial basis in the record and we decline to disturb it (see Matter of Mumford v Milner, 183 AD3d at 895; Matter of Lewis v Speaker, 143 AD3d 822, 824; Matter of DiBenedetto v DiBenedetto, 108 AD3d 531, 533).
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court