Matter of Ferrson v Dixon (2023 NY Slip Op 01997)

Matter of Ferrson v Dixon

2023 NY Slip Op 01997

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-03018
 (Docket Nos. V-12205-18, V-12210-18, V-13098-18, V-15166-18, V-15167-18)

[*1]In the Matter of Robert Ferrson, Jr., appellant,
v
Kiara Dixon, respondent-respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Nicole Jones, petitioner-respondent,
v Kiara Dixon, respondent-respondent, Robert Ferrson, Jr., appellant, et al., respondent. (Proceeding No. 2)

Glenn Gucciardo, Northport, NY, for appellant.
Heather A. Fig, Holtsville, NY, for respondent-respondent.
Steven J. Homayoon, Bohemia, NY, for petitioner-respondent (no brief filed).
Colleen R. Nugent, Amityville, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated April 16, 2021. The order, after a hearing, granted the maternal grandmother's cross-petition for custody of the subject child, with parental access to the father, and, in effect, denied the father's petition for custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
In these related proceedings, the petitioners are, respectively, the father and the maternal grandmother of the subject child, who was born in 2010. The child resided with the mother and the maternal grandmother until 2015, when the child was placed in the residence of the father and the paternal grandparents for two or three months, after which he was returned to the mother's custody. In July 2016, as a result of a neglect proceeding against the mother and the father, the child was placed in the temporary custody of the maternal grandmother until October 2016, at which time he was returned to the mother's custody, but the mother and the child continued to reside with the maternal grandmother. In March 2017, as a result of another neglect proceeding against the mother, the child was removed from the mother's custody and again placed in the temporary care and custody of the maternal grandmother, where he has remained. Since March 2017, the mother no longer resided with the child and the maternal grandmother. In August 2018, the father petitioned for custody of the child, and the maternal grandmother cross-petitioned for permanent custody. On [*2]September 17, 2019, after a hearing, the Family Court determined that the maternal grandmother had demonstrated the extraordinary circumstances necessary for her to seek custody of the child. In an order dated April 16, 2021, after a further hearing on the child's best interests, the court awarded custody of the child to the maternal grandmother, with parental access to the father. The father appeals.
Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" (Matter of Bennett v Jeffreys, 40 NY2d 543, 546), "or other like extraordinary circumstances" (id. at 544; see Matter of Suarez v Williams, 26 NY3d 440, 446).
"An extended disruption of custody" between the child and the parent "shall constitute an extraordinary circumstance" (Domestic Relations Law § 72[2][a]). "The statute defines 'extended disruption of custody' as including, but not limited to, 'a prolonged separation of the respondent . . . and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents'" (Matter of Mooney v Mooney, 198 AD3d 784, 785-786, quoting Domestic Relations Law § 72[2][b]). "However, the statute does not preclude a court from finding the existence of extraordinary circumstances even if the prolonged separation lasted less than 24 months" (Matter of Mooney v Mooney, 198 AD3d at 786). "Moreover, lack of contact is not a separate element under [the] statute, '[r]ather, the quality and quantity of contact between the parent and child are simply factors to be considered in the context of the totality of the circumstances when determining whether the parent voluntarily relinquished care and control of the child, and whether the child actually resided with the grandparents for the required "prolonged" period of time'" (id., quoting Matter of Suarez v Williams, 26 NY3d at 449).
"Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of North v Yeagley, 96 AD3d 949, 950).
Here, the Family Court's determination that the maternal grandmother demonstrated extraordinary circumstances has a sound and substantial basis in the record. The maternal grandmother's unrebutted testimony established a prolonged separation of the child from the father for at least 24 continuous months during which the father voluntarily relinquished care and control of the child and the child resided in the household of the maternal grandmother (see Domestic Relations Law § 72[2][b]; Matter of Suarez v Williams, 26 NY3d at 453-454; Matter of Bruen v Merla-Profenna, 181 AD3d 592, 593). The maternal grandmother established that during the period in question, she provided for the child's physical, emotional, medical, educational, and financial needs, and made all decisions regarding his care, in essence acting as a parent of the child (see Matter of Suarez v Williams, 26 NY3d at 451). Contrary to the father's contention, although there was a period of time when custody of the child was returned to the mother for a few months in October 2016, that does not change the "reality of the family's situation," which was that during that time the mother and the child continued to reside with the maternal grandmother, who continued to care for the child (Matter of Bruen v Merla-Profenna, 181 AD3d at 593 [internal quotation marks omitted]).
Furthermore, the Family Court's determination that awarding custody of the child to the maternal grandmother was in the child's best interest has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Brisard v Brisard, 211 AD3d 838, 838-839; Matter of Bruen v Merla-Profenna, 181 AD3d at 594).
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court