Matter of Elisa F. v Daniel D. (2024 NY Slip Op 01306)

Matter of Elisa F. v Daniel D.

2024 NY Slip Op 01306

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-03177
 (Docket No. V-4824-16/22A)

[*1]In the Matter of Elisa F. (Anonymous), petitioner-respondent,
v
Daniel D. (Anonymous), Jr., respondent-appellant, Wesley P. (Anonymous) II, respondent-respondent; Briana P. (Anonymous), nonparty-appellant.

Samuel S. Coe, White Plains, NY, for respondent-appellant.
Kelley M. Enderley, Poughkeepsie, NY, for nonparty-appellant.
Robert Rametta, Goshen, NY, for petitioner-respondent.
John R. Lewis, Sleepy Hollow, NY, for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandfather appeals, and the subject child separately appeals, from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 15, 2023. The order, after a hearing, granted that branch of the mother's petition which was, in effect, to modify a prior order of the same court dated May 2, 2018, so as to award her sole legal and physical custody of the subject child.
ORDERED that the order dated March 15, 2023, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a hearing to determine a custody award based upon the best interests of the subject child, and thereafter a new determination of that branch of the mother's petition which was, in effect, to modify the order dated May 2, 2018, so as to award her sole legal and physical custody of the subject child.
The mother and the father are the parents of three children, including the subject child who was born in 2010. By order dated May 2, 2018 (hereinafter the 2018 custody order), made on consent, the mother, the father, and the maternal grandfather were awarded joint legal custody of the three children, with physical custody to the maternal grandfather. In February 2022, the mother commenced this proceeding, in effect, to modify the 2018 custody order so as to award her sole custody of the three children. In December 2022, the parties consented to the mother having temporary custody of the subject child's two older siblings. The Family Court subsequently conducted a hearing on the issue of custody of the subject child.
After the hearing, in an order dated March 15, 2023, the Family Court granted that branch of the mother's petition which was, in effect, to modify the 2018 custody order so as to award her sole legal and physical custody of the subject child. The court found that the maternal grandfather failed to establish the existence of extraordinary circumstances, and thus, the court did not reach the issue of the best interests of the child. The maternal grandfather and the subject child separately appeal.
"In a child custody dispute between a parent and a nonparent, the parent has a [*2]superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Brittany N. v Anthony D., 202 AD3d 1086, 1087). This rule applies even when a prior order awarding custody to the nonparent has been issued upon consent (see Matter of Brittany N. v Anthony D., 202 AD3d at 1087). Pursuant to Domestic Relations Law § 72, "an 'extended disruption of custody' between the child and the parent 'shall constitute an extraordinary circumstance'" (Matter of Mooney v Mooney, 198 AD3d 784, 785, quoting Domestic Relations Law § 72[2][a]). "The statute defines 'extended disruption of custody' as including, but not limited to, 'a prolonged separation of the respondent . . . and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents'" (Matter of Mooney v Mooney, 198 AD3d at 785-786, quoting Domestic Relations Law § 72[2][b]). "Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of Hardy v Hardy, 194 AD3d 1043, 1044; see Matter of Bailey v Carr, 125 AD3d at 853).
Here, contrary to the Family Court's determination, the maternal grandfather sustained his burden of demonstrating the existence of extraordinary circumstances. The evidence at the hearing established a prolonged separation of the subject child from the mother for more than 24 continuous months, during which the mother voluntarily relinquished care and control of the child and the child resided in the household of the maternal grandfather (see Matter of Ferrson v Dixon, 215 AD3d 834, 835; Matter of Brittany N. v Anthony D., 202 AD3d at 1088; Matter of Cade v Roberts, 141 AD3d 583, 584).
Accordingly, since the Family Court did not reach the issue of whether an award of custody to the mother was in the best interests of the subject child, a hearing is required to determine a custody award based upon the best interests of the child (see Matter of Moynihan v Cohen, 181 AD3d 965, 967; Matter of Cade v Roberts, 141 AD3d 583, 584).
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court