Matter of Yates v Buckner-Engram (2025 NY Slip Op 00231)

Matter of Yates v Buckner-Engram

2025 NY Slip Op 00231

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-04907
 (Docket Nos. V-115-18, V-116-18, V-117-18)

[*1]In the Matter of Leonard McQueen Yates, appellant, 
v
Israel Buckner-Engram, respondent-respondent, et al., respondent. (Proceeding No. 1.)
In the Matter of Israel Buckner-Engram, respondent,Leonard McQueen Yates, appellant. (Proceeding No. 2.)

Diana Kelly, Jamaica, NY, for appellant in Proceeding Nos. 1 and 2.
Daniel Moskowitz, Jamaica, NY, for respondent-respondent in Proceeding No. 1 and respondent in Proceeding No. 2.
Liberty Aldrich, Brooklyn, NY (Rachel Stanton and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandfather appeals from an amended order of the Family Court, Kings County (Stephanie Schwartz, J.), dated May 1, 2023. The amended order, insofar as appealed from, after a hearing, dismissed the maternal grandfather's petition for custody of the subject children for lack of standing.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
In January 2018, the maternal grandfather of three children filed a petition seeking legal and physical custody of the children after their mother's death. As relevant to this appeal, in October 2022 and March 2023, the Family Court held a hearing on the issue of extraordinary circumstances. After the hearing, the court found that the maternal grandfather failed to prove the existence of extraordinary circumstances. In an amended order dated May 1, 2023, the court, inter alia, dismissed the maternal grandfather's petition for custody of the children for lack of standing. The maternal grandfather appeals.
"Pursuant to Domestic Relations Law § 72(2)(a), a grandparent has standing to seek custody of a child where the grandparent demonstrates the existence of extraordinary circumstances, such as 'surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time,' 'or other like extraordinary circumstances'" (Matter of Seltzer v Patterson, 193 AD3d 1057, 1058, quoting Matter of Bennett v Jeffreys, 40 NY2d [*2]543, 544-546 [citations omitted]). The grandparent, as a nonparent, "bears the burden of proving the existence of extraordinary circumstances in order to establish his or her standing to seek custody of the subject child[ren] against a parent" (Matter of Sellers v Brown, 155 AD3d 1047, 1048; see Matter of Seltzer v Patterson, 193 AD3d at 1058). "Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Seltzer v Patterson, 193 AD3d at 1058 [internal quotation marks omitted]).
Here, the Family Court's determination that the maternal grandfather failed to prove the existence of extraordinary circumstances in order to establish his standing to seek custody of the children was supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Seltzer v Patterson, 193 AD3d at 1059). Contrary to the maternal grandfather's contention, he failed to demonstrate the existence of extraordinary circumstances pursuant to Domestic Relations Law § 72(2)(a) (see Matter of Seltzer v Patterson, 193 AD3d at 1059; Matter of Sellers v Brown, 155 AD3d at 1048).
Accordingly, the Family Court properly dismissed the maternal grandfather's petition for custody of the children for lack of standing.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court