■ In the Matter of Sofia S.S. Goldie M., Respondent; Elizabeth C., Appellant. (Proceeding No. 1.) In the Matter of Elizabeth C., Appellant, v Goldie M., Respondent. (Proceeding Nos. 2, 3 and 4.) [43 NYS3d 469]—

Appeals by the mother from two orders of the Family Court, Orange County (Lori Currier Woods, J.), both dated March 4, 2015. The first order, insofar as appealed from, after a hearing, granted the maternal aunt's petition to be appointed guardian of Sofia S.S. and denied the mother's petitions to modify prior orders of that court with respect to the guardianship of Keilah I.T. and Sofia S.S. The second order appointed the maternal aunt the permanent guardian of Sofia S.S.

Ordered that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order is affirmed, without costs or disbursements.

The mother sent her two daughters, Keilah I.T. and Sofia S.S., to stay with the maternal aunt. Thereafter, the maternal aunt filed petitions to be appointed the guardian of the children. In two orders dated April 17, 2014, the Family Court appointed the maternal aunt the permanent guardian of Keilah I.T. and the temporary guardian of Sofia S.S., respectively. The mother then filed petitions seeking to modify the guardianship orders so as to appoint the maternal aunt the temporary guardian of Keilah I.T. and to terminate the maternal aunt's temporary guardianship of Sofia S.S. After a hearing, the court, inter alia, granted the maternal aunt's petition to be appointed permanent guardian of Sofia S.S. and denied the mother's petitions. The mother appeals.

Initially, we find that the mother, who filed her own petitions in the Family Court with respect to the children, and actively participated in the subsequent hearing that was held on all of the petitions, waived her objection to the Family Court's exercise of personal jurisdiction over her (see Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739 [2006]; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [2004]; Matter of Fallon v Fallon, 4 AD3d 426 [2004]; Matter of Brozzo v Brozzo, 192 AD2d 878, 879-880 [1993]).

"[I]ntervention by the State in the right and responsibility of a natural parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child. It is only on such a premise that the courts may then proceed to inquire into the best interest of the child

and to order a custodial disposition on that ground" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]). "The burden of proof is on the nonparent to prove such extraordinary circumstances. Once there is a finding of extraordinary circumstances, a best interests determination is triggered" (*Matter of Rudy v Mazzetti*, 5 AD3d 777, 778 [2004] [citation omitted]).

Here, there is a sound and substantial basis in the record for the Family Court's determination that the maternal aunt established the existence of extraordinary circumstances. The maternal aunt presented evidence that, inter alia, the mother continued to reside with her husband after he was arrested for domestic violence committed against her, the mother's husband was verbally abusive towards her and the children, and the mother failed to adequately attend to the children's psychological and physical health needs (*see Matter of Rochelle C. v Bridget C.*, 140 AD3d 749, 750 [2016]; *Matter of North v Yeagley*, 96 AD3d 949, 950 [2012]; *Matter of Robinson v McNair*, 90 AD3d 759 [2011]; *Matter of Donohue v Donohue*, 44 AD3d 1042 [2007]).

Moreover, it was established on this record that, viewing the totality of the circumstances, it was in the best interests of the children to award permanent guardianship of them to the maternal aunt (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]).

The mother's remaining contention is without merit. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.