Matter of Maiyasha J.M. (Sherryann Z.) (2020 NY Slip Op 02793)





Matter of Maiyasha J.M. (Sherryann Z.)


2020 NY Slip Op 02793


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-07129
 (Docket No. G-22424-18)

[*1]In the Matter of Maiyasha J.M. (Anonymous). Sherryann Z. (Anonymous), petitioner-respondent; Asheena P. (Anonymous), appellant, Administration for Children's Services, respondent-respondent, et al., respondent.


Barbara J. Caravello, Jamaica, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Julia Bedell of counsel), for respondent-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Diane Constanzo, J.), dated May 22, 2019. The order, after a hearing, in effect, granted the petition of the maternal grandmother to be appointed the guardian of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner in this guardianship proceeding is the maternal grandmother of the subject child, who was born in 2006. In January 2012, the child was removed from the mother in a child protective proceeding after the mother failed to enforce an order of protection against the father, who had previously sexually abused the child. The child began living with the maternal grandmother upon her removal from the mother. In May 2012, the Family Court determined that the mother neglected the child, and placed the child in the custody of the Commissioner of Social Services of the City of New York to reside with the maternal grandmother. In 2018, the maternal grandmother filed a petition to be appointed the guardian of the child. By order dated May 22, 2019, the court, in effect, granted the maternal grandmother's petition. The mother appeals.
" In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness or other extraordinary circumstances'" (Matter of Maddox v Maddox, 141 AD3d 529, 529, quoting Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Bennett v Jeffreys, 40 NY2d 543, 546-548). A nonparent must demonstrate the existence of [*2]extraordinary circumstances in order to establish his or her standing to seek custody of the subject child against a parent (see Matter of Suarez v Williams, 26 NY3d at 448; Matter of Maddox v Maddox, 141 AD3d at 529; Matter of Jamison v Britton, 141 AD3d 522, 524; Matter of Santiago v Henderson, 122 AD3d 866, 866). " Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent'" (Matter of Williams v Frank, 148 AD3d 815, 816, quoting Matter of Herrera v Vallejo, 107 AD3d 714, 715; see Matter of Bennett v Jeffreys, 40 NY2d at 548).
Here, we agree with the Family Court's determination that the maternal grandmother established extraordinary circumstances. The mother's neglect of the child, the mother's failure to enforce an order of protection against the child's sexual abuser, and the more than seven-year disruption of the mother's custody of the child constituted extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d at 546; Matter of Gunther v Brown, 148 AD3d 889, 890). Additionally, the court's determination that an award of guardianship to the maternal grandmother was in the child's best interests is supported by a sound and substantial basis in the record, and we decline to disturb it (see Matter of Llada v Ellington, 164 AD3d 793, 794; Harris v Harris, 112 AD3d 887).
Accordingly, we agree with the Family Court's determination, in effect, to grant the maternal grandmother's petition.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court