Matter of Copeland v Brown (2020 NY Slip Op 07884)





Matter of Copeland v Brown


2020 NY Slip Op 07884


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-12706
 (Docket Nos. V-927-19, V-2110-19)

[*1]In the Matter of Toriano Copeland, appellant,
v
Chantel Brown, respondent. (Proceeding No. 1.)
In the Matter of Chantel Brown, respondent,
v
Toriano Copeland, appellant. (Proceeding No. 2.)


Heather A. Fig, Bayport, NY, for appellant.
Kenneth J. Molloy, Central Islip, NY, for respondent.
Colleen R. Nugent, Amityville, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 21, 2019. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition for sole legal and physical custody of the parties' child, and granted the mother's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother, who were never married, are the parents of a child, born in 2013. In 2019, the father filed a petition seeking sole legal and physical custody of the child. Thereafter, the mother petitioned for sole legal and physical custody. After a hearing, the Family Court, inter alia, awarded custody to the mother. The father appeals.
The paramount consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). This determination is made through consideration of such factors as maintaining stability for the child, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent (see Matter of Estrada v Palacios, 148 AD3d 804). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gooler v Gooler, 107 AD3d 712, 712).
The Family Court's determination to award sole legal and physical custody of the [*2]child to the mother has a sound and substantial basis in the record. The record shows that the mother is more likely than the father to foster a relationship between the child and the noncustodial parent (see Matter of Keyes v Watson, 133 AD3d 757, 758-759). Furthermore, upon consideration of all the relevant factors, we are of the view that the mother is the parent most capable of providing a safe, stable, and secure home environment for the child.
The father's remaining contention is without merit.
Accordingly, we agree with the Family Court's determination, in effect, to grant the mother's petition and deny the father's petition.
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court