Matter of King v King (2021 NY Slip Op 01048)





Matter of King v King


2021 NY Slip Op 01048


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-10283
 (Docket No. V-5168-18)

[*1]In the Matter of Edna King, petitioner-respondent,
v
Fateema King, respondent, Administration for Children's Services, respondent-respondent, Nicholas Santiago, appellant.


Joan N.G. James, Brooklyn, NY, for appellant.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated August 19, 2019. The order, upon a decision of the same court dated July 26, 2019, made after a hearing, awarded sole physical custody of the subject child and final decision-making authority to the petitioner, with parental access to the father.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2016, the Administration for Children's Services filed a neglect petition against the father of the subject child, who was born in January 2014. The child was removed from the father's custody. In March 2018, the petitioner, who is the child's maternal aunt, filed a petition seeking custody of the child. In June 2018, the parties executed a stipulation placing the child in the petitioner's custody. In August 2019, after a hearing, the Family Court issued a final order of custody awarding sole physical custody of the child and final decision-making authority to the petitioner, with parental access to the father. The father appeals.
"'In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness or other extraordinary circumstances'" (Matter of Maiyasha J.M. [Sherryann Z.-Asheena P.], 183 AD3d 742, 743, quoting Matter of Maddox v Maddox, 141 AD3d 529, 529 [internal quotation marks omitted]). "A nonparent must demonstrate the existence of extraordinary circumstances in order to establish his or her standing to seek custody of the subject child against a parent" (Matter of Maiyasha J.M. [Sherryann Z.-Asheena P.], 183 AD3d at 743). "'Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent'" (Matter of Williams v Frank, 148 AD3d 815, 816, quoting Matter of Herrera v Vallejo, 107 AD3d 714, 715). "'[S]ince custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the [*2]record'" (Matter of Ednie v Haniquet, 185 AD3d 1029, 1030, quoting Matter of Gooler v Gooler, 107 AD3d 712, 712).
Here, the petitioner established extraordinary circumstances based upon, inter alia, the father's criminal history and history of domestic violence, his prolonged separation from the child, as well as the petitioner's ability to provide for the child's financial, educational, emotional, and medical needs without contribution from the father (see Matter of Moynihan v Cohen, 181 AD3d 965, 967; Matter of Williams v Frank, 148 AD3d at 816; Matter of Sofia S.S. [Goldie M.-Elizabeth C.], 145 AD3d 787, 789; Matter of Jerrina P. [June H.-Shondell N.P.], 126 AD3d 980, 981). Moreover, the Family Court's determination that the best interests of the child would be served by an award of sole physical custody and final decision-making authority to the petitioner, with parental access to the father, is supported by a sound and substantial basis in the record (see Matter of Williams v Frank, 148 AD3d at 816; Matter of Sofia S.S. [Goldie M.-Elizabeth C.], 145 AD3d at 789; Matter of Jerrina P. [June H.-Shondell N.P.], 126 AD3d at 981).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court