Matter of Lazaroff v Acevedo (2021 NY Slip Op 02159)





Matter of Lazaroff v Acevedo


2021 NY Slip Op 02159


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2020-05712
 (Docket No. V-5523-12/19B)

[*1]In the Matter of Grace Lazaroff, respondent,
v
John L. Acevedo, appellant.


Cooper Erving & Savage LLP, Albany, NY (Colin D. Dwyer of counsel), for appellant.
James M. Hendry, Port Jervis, NY, for respondent.
Gary E. Eisenberg, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated April 20, 2020. The order, after a hearing, granted the mother's petition to modify an order of custody and parental access of the same court (Debra J. Kiedaisch, J.) dated April 10, 2013, so as to award her sole legal and physical custody of the parties' child with parental access to the father, and to permit her to relocate with the child to Florida.
ORDERED that the order dated April 20, 2020, is affirmed, without costs or disbursements.
The parties are the unmarried parents of one child. After they separated, the Family Court entered an order of custody and parental access on the parties' consent, awarding them joint legal and physical custody of the child and equal parental access. In 2019, the mother filed a petition to modify the prior order of custody and parental access so as to award her sole legal and physical custody of the child with parental access to the father, and to permit her to relocate with the child to Florida. In an order dated April 20, 2020, after a hearing, the court granted the mother's petition. The father appeals.
A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741; Matter of Ventura v Huggins, 141 AD3d 600, 600). In determining whether a proposed move is in the child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d at 740). These factors include each parent's reasons for seeking or opposing the move, the quality of the child's relationship with the custodial parent and the noncustodial parent, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of [*2]preserving the relationship between the child and the noncustodial parent through alternate parental access arrangements (see id. at 740-741). Here, as the father correctly contends, a number of the Family Court's factual findings were unsupported by the record. However, upon our own independent review of the record (see Louise E.S. v W. Stephen S., 64 NY2d 946, 947; Matter of D'Angelo v Lopez, 94 AD3d 1261, 1262), we conclude that it would be in the child's best interests to award the mother sole legal and physical custody and to permit the mother to relocated with the child to Florida (see generally Matter of Jennings v Yillah-Chow, 84 AD3d 1376, 1377). Accordingly, we agree with the court's ultimate determination as to the child's best interests.
The father's contention that the court should have recused itself is unpreserved for appellate review (see Matter of Caraballo v Colon, 9 AD3d 459, 459-460). The contention also is not properly before this Court because it relies on matter dehors the record (see Matter of Francisca M.V.R. v Jose G.H.G., 154 AD3d 856, 857). In any event, to the extent the father's contentions are not based on matter dehors the record, "[a]bsent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (Burke v Carrion, 101 AD3d 920, 921). Based on the record before us, the court did not improvidently exercise its discretion in failing to recuse itself.
The father's remaining contention, that he was deprived of the effective assistance of counsel, rests partially on matter which is dehors the record and not properly before this Court (see Matter of Chamas v Carino, 119 AD3d 564, 565). To the extent this claim can be reviewed, the record, viewed in totality, reveals that the father received meaningful representation (see Matter of Saraguard v Saraguard, 125 AD3d 982, 983).
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court