Matter of Grosso v Lamb (2021 NY Slip Op 03584)





Matter of Grosso v Lamb


2021 NY Slip Op 03584


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2020-05463
 (Docket No. V-4185-19)

[*1]In the Matter of Karen Grosso, appellant,
v
Dyshawn Lamb, respondent.


Frederic C. Foster, P.C., Westhampton, NY (Rick Foster of counsel), for appellant.
Amy E. King, Riverhead, NY, for respondent.
Arza Rayches Feldman, Manhasset, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal great aunt appeals from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated May 26, 2020. The order, after a hearing, dismissed the maternal great aunt's petition for custody of the subject child for lack of standing.
ORDERED that the order is affirmed, without costs or disbursements.
The subject child, born in 2016, lived together with her parents until the mother's death in February 2019. Since that time, the child has resided with the father. In March 2019, the petitioner, who is the child's maternal great aunt, commenced this proceeding seeking custody of the child. The Family Court conducted a hearing to determine if extraordinary circumstances existed to confer standing upon the petitioner. After the hearing, the court dismissed the petition for lack of standing, finding that the petitioner had failed to establish the existence of extraordinary circumstances. The petitioner appeals.
"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Bailey v Carr, 125 AD3d 853, 853, citing Matter of Bennett v Jeffreys, 40 NY2d 543, 548; see Matter of Maddox v Maddox, 141 AD3d 529, 529). "The burden of proof is on the nonparent to prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent" (Matter of Maddox v Maddox, 141 AD3d at 529 [internal quotation marks omitted]; see Matter of Silverman v Wagschal, 35 AD3d 747, 748).
Here, the Family Court's determination that the petitioner failed to establish the existence of extraordinary circumstances conferring standing to seek custody of the child was supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Bailey v Carr, 125 AD3d at 853-854; Matter of Jiminez v Jiminez, 57 AD3d 781, 781; see also Matter of Aylward v Bailey, 91 AD3d 1135; cf. Matter of Diana B. v Lorry B., 111 AD3d 927, 928; [*2]Matter of North v Yeagley, 96 AD3d 949, 950; Matter of Cockrell v Burke, 50 AD3d 895, 896-897). Contrary to the petitioner's contention, without proof of such extraordinary circumstances, an inquiry into the best interests of the child was not triggered (see Matter of Maddox v Maddox, 141 AD3d at 529; see also Matter of Bailey v Carr, 125 AD3d at 853; Matter of Esposito v Shannon, 32 AD3d 471, 473).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court