Matter of Madelyn E. P. (Christine L.-B.--Kevin O.) (2021 NY Slip Op 04228)





Matter of Madelyn E. P. (Christine L.-B.--Kevin O.)


2021 NY Slip Op 04228


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-14347
 (Docket No. G-19462-18)

[*1]In the Matter of Madelyn E. P. (Anonymous). Christine L.-B. (Anonymous), respondent; Kevin O. (Anonymous), appellant.


Heather A. Fig, Bayport, NY, for appellant.
Laura C. Golightly, Islandia, NY, for respondent.
Arza Rayches Feldman, Manhasset, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated November 26, 2019. The order, upon a decision of the same court, also dated November 26, 2019, made after a hearing, granted the petition of the nonparent petitioner to appoint her guardian of the subject child, with parental access to the father.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, leaving it to the petitioner's discretion and judgment as to whether and under what circumstances the child should visit with her father; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
Following the death of the mother when the child was 18 months old, the father and the maternal grandmother entered into a so-ordered stipulated custody agreement whereby they agreed to share joint legal custody of the child, with residential custody to the maternal grandmother and parental access to the father. In May 2017, due to the maternal grandmother's health conditions, the petitioner, who is the mother's cousin and the child's godmother, became the child's primary caregiver. Following the death of the maternal grandmother, the petitioner filed a petition seeking to be appointed guardian of the child. After a hearing, the Family Court granted the petition, and appointed the petitioner permanent guardian of the child, with parental access to the father. The father appeals.
"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (Matter of Kaylub T. [Erik C.-Mandy C.], 150 AD3d 862, 862 [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 549; Matter of Joel T. v Miriam T., 163 AD3d 828, 828-829). We apply this standard where, as here, a parent opposes the petition of a nonparent [*2]seeking guardianship (see generally Matter of Joel T. v Miriam T., 163 AD3d 828; Matter of Roberta W. v Carlton McK., 112 AD3d 729). "Whether extraordinary circumstances exist involves the consideration of various factors, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Thompson v Bray, 148 AD3d 1364, 1365 [internal quotation marks omitted]; see Matter of Samuels v Pegues, 173 AD3d 1040, 1041). "The burden of proof is on the nonparent to prove such extraordinary circumstances" (Matter of Rudy v Mazetti, 5 AD3d 777, 778). "Once there is a finding of extraordinary circumstances, a best interests determination is triggered" (id. at 778; see Matter of Joel T. v Miriam T., 163 AD3d at 828).
"Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Roberta W. v Carlton McK., 112 AD3d at 730; see Matter of Samuels v Pegues, 173 AD3d at 1041).
Here, the record supports the Family Court's finding that the petitioner established the existence of extraordinary circumstances. The petitioner took responsibility for meeting all of the child's physical, emotional, educational, and medical needs to such an extent that "she provided the major parental functions" for the child while the maternal grandmother was ill and subsequent to her death (Matter of Brown v Elfaiz, 191 AD3d 871, 872 [internal quotation marks omitted]; Matter of Gonzalez v Pagan, 178 AD3d 1039, 1040; see Matter of Laura M. v Nicole N., 143 AD3d 722, 723). By contrast, the child has never resided with the father, who has a history of severe substance abuse, has had several relapses, and was in and out of substance abuse treatment programs. At the time of the hearing, the father had not seen the child in 2½ years. The father did not attend to the child's basic physical or psychological needs, was not involved in the child's education or her medical care, had not provided any support, and made only sporadic attempts to visit with the child, which has resulted in the child emotionally bonding with the petitioner and her family (see Matter of Dellolio v Tracy, 35 AD3d 737, 738). Further, the court's determination that an award of permanent guardianship to the petitioner would be in the child's best interests is supported by a sound and substantial basis in the record.
However, "[a] court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687; see Clezidor v Lexune, 192 AD3d 792, 794). In this case, the Family Court improperly delegated the determination of the father's parental access to the petitioner. Accordingly, we remit the matter to the Family Court, Suffolk County, to expeditiously establish an appropriate schedule for the father's parental access in accordance with the best interests of the child (see Matter of Shah v Shah, 186 AD3d 1692, 1694; Matter of Mondschein v Mondschein, 175 AD3d at 688).
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court