Matter of Buljeta v Fuchs (2022 NY Slip Op 05687)

Matter of Buljeta v Fuchs

2022 NY Slip Op 05687

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-01836
 (Docket No. F-4974-16)

[*1]In the Matter of Ellen C. Buljeta, appellant,
v
Don Fuchs, respondent.

Ellen C. Buljeta, Blooming Grove, NY, appellant pro se.
Jonna Spilbor Law, Poughkeepsie, NY (Hallie Rubin-Gaines of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 3, 2021. The order, insofar as appealed from, granted those branches of the father's unopposed motion which were to dismiss the mother's violation and enforcement petitions, and dismissed those petitions.
ORDERED that the appeal is dismissed except insofar as it brings up for review the denial of the mother's request, in effect, for an extension of the time to file opposition to the father's motion to dismiss her petitions, and her claims of ineffective assistance of counsel (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The father and the mother were married and have two children together. They were divorced by a judgment of divorce dated September 26, 2007. The support provisions in the judgment of divorce were modified by an order of the Supreme Court dated April 30, 2015, which directed the father to pay the mother a minimum of $1,500 per month. This sum included the father's basic child support obligation, and any amount paid in excess of the basic child support obligation was to be applied to his support arrears. The order dated April 30, 2015, was incorporated into an order of support on consent dated July 6, 2017.
On September 29, 2017, the father sought a downward modification of his child support obligations, as one of the children turned 21 years of age and the father's income had allegedly decreased. After a hearing, the Support Magistrate issued an order dated June 21, 2018, modifying the prior order of support. The order set the father's basic child support obligation at $379 bi-weekly for the one minor child and directed the father to pay 80% of unreimbursed health related expenses for that child. There was no provision requiring the father to make a minimum monthly payment of $1,500.
The mother filed objections to the order dated June 21, 2018. In an order dated [*2]January 18, 2019, the Family Court determined that the Support Magistrate's failure to incorporate the $1,500 minimum payment was an oversight and ordered the father to pay $379 bi-weekly for basic support and $313.30 bi-weekly for child support and maintenance arrears, which is the equivalent of $1,499.98 per month.
On May 25, 2018, the mother moved to enforce the order dated April 30, 2015, and the order of support on consent dated July 6, 2017. The same day, the mother also filed a violation petition. The Family Court conducted a hearing over four days. On March 12, 2020, the father moved, inter alia, to dismiss the petitions. The court stayed the motion due to the COVID-19 pandemic, and eventually set a return date of July 13, 2020. After the return date had passed, on August 17, 2020, the mother requested, in effect, an extension of the time to file her opposition to the motion, and the court denied the request. By order dated February 3, 2021, the court, inter alia, granted those branches of the father's motion which were to dismiss the mother's petitions. The mother appeals.
No appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511). Nonetheless, the appeal from a dispositional order brings up for review those matters which were the subject of contest before the Family Court (see Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758, 759; Adotey v British Airways, PLC, 145 AD3d 748, 749). Here, review is limited to the Family Court's denial of the mother's request, in effect, for an extension of the time to file her opposition to the father's motion, and her claims of ineffective assistance of counsel.
While a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (see CPLR 2004). The delinquent party must offer a valid excuse for the delay (see Adotey v British Airways, PLC, 145 AD3d at 750; Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739). Under the circumstances of this case, the Family Court providently exercised its discretion in denying the mother's request, in effect, for an extension of time to file opposition papers. The mother did not make an adequate showing of good cause because she did not offer a valid excuse for the delay (see Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 820; Adotey v British Airways, PLC, 145 AD3d at 750).
The mother's contention that she was deprived of the effective assistance of counsel rests partially on matter which is dehors the record and thus is not properly before this Court (see Matter of Lazaroff v Acevedo, 193 AD3d 738, 739). Moreover, in situations where there is no statutory right to counsel pursuant to Family Court Act § 262, claims of ineffective assistance of counsel in the context of civil litigation will not be entertained where, as here, extraordinary circumstances are absent (see Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943; Matter of Lorys v Powell, 116 AD3d 1047, 1048).
The mother's contention, in effect, that the Family Court should have entertained a motion to disqualify the father's counsel is not properly before this Court. The letter dated August 28, 2020, from the Family Court's court attorney, which indicated that the court would not entertain such a motion, is not reviewable.
The mother's remaining contentions, which concern unappealed orders in prior proceedings before the Supreme Court and the Family Court, are not properly before this Court (see generally Matter of Padin v Padin, 103 AD3d 729, 730).
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court