Matter of Brooks v Martinez (2023 NY Slip Op 03779)

Matter of Brooks v Martinez

2023 NY Slip Op 03779

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-05078
 (Docket Nos. V-1057-21, V-3819-21)

[*1]In the Matter of Jahnette T. Brooks, respondent,
v
Jashika Martinez, appellant. (Proceeding No. 1.)
In the Matter of Jashika Martinez, appellant,
v
Jahnette T. Brooks, respondent. (Proceeding No. 2.)

Lisa Siano, Merrick, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.

DECISION & ORDER
In two related child custody proceedings pursuant to Family Court Act article 6, Jashika Martinez appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated May 20, 2022. The order, after a hearing, inter alia, granted the mother's petition for custody of the subject child and denied Jashika Martinez's petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
Jahnette T. Brooks (hereinafter the respondent), is the mother of the subject child. The appellant, Jashika Martinez, is not related to the child. The respondent tested positive for marijuana while pregnant with the child. The respondent placed the child in the care of the appellant's mother while the respondent participated in a drug treatment program. The appellant began caring for the child after the appellant's mother became unable to care for the child. The respondent filed a petition for custody of the child and the appellant also filed a petition for custody of the child. After a hearing, the Family Court, inter alia, granted the respondent's petition and denied the appellant's petition. This appeal ensued.
The Family Court did not err in granting the respondent's petition for custody of the child and denying the appellant's petition for custody of the child. In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (see Matter of Brittany N. v Anthony D., 202 AD3d 1086, 1087; Matter of Grosso v Lamb, 195 AD3d 710, 711; Matter of King v King, 191 AD3d 881, 881). The burden of proof is on the nonparent to prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent (see Matter of Grosso v Lamb, 195 AD3d at 711; Matter of Samuels v [*2]Pegues, 173 AD3d 1040, 1041; Matter of Smith v Cooks, 148 AD3d 814, 815). Once there is a finding of extraordinary circumstances, a best interests determination is triggered (see Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489; Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789; Matter of Rudy v Mazzetti, 5 AD3d 777, 778). Whether extraordinary circumstances exist involves the consideration of various factors, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship, and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role (see Matter of Suarez v Williams, 26 NY3d 440, 449; Matter of Madelyn E.P., 196 AD3d at 490; Matter of Samuels v Pegues, 173 AD3d at 1041). Here, the Family Court correctly found that extraordinary circumstances existed, triggering a best interests determination.
Factors to be considered when determining best interests include which alternative will best promote stability for the child; the home environment with each party; and each party's past performance, relative fitness, and ability to guide and provide for the child's overall well-being (see Matter of Trejo v Pavon, 204 AD3d 928, 929; Matter of Mooney v Mooney, 198 AD3d 784, 786; Matter of Copeland v Brown, 189 AD3d 1396, 1396). "Since custody determinations depend to a great extent upon the Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings. Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Devine v Dominguez, 210 AD3d 768, 769 [citation omitted]; see Matter of Torres v Cortes, 206 AD3d 1002, 1003; Matter of Copeland v Brown, 189 AD3d at 1397). Here, there is no basis to disturb the Family Court's determination to award custody to the respondent, which has a sound and substantial basis in the record.
The appellant's claim of ineffective assistance of counsel rests partially on matter which is dehors the record, and thus is not properly before this Court (see Matter of Buljeta v Fuchs, 209 AD3d 730). To the extent the appellant's claim of ineffective assistance can be reviewed, the record, viewed in totality, reveals that she received meaningful representation (see Matter of Lazaroff v Acevedo, 193 AD3d 738).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court