Lurie v Lurie (2024 NY Slip Op 02184)

Lurie v Lurie

2024 NY Slip Op 02184

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-09748
 (Index No. 515908/18)

[*1]Neil Lurie, et al., respondents, 
v
Abraham Lurie, et al., appellants.

Law Offices of Louis Venezia, P.C., Forest Hills, NY, for appellants.
Morrison Cohen LLP, New York, NY (Y. David Scharf, Kristin T. Roy, Joaquin Ezcurra, and Joseph J. Kamelhar of counsel), for respondents.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff Neil Lurie is the sole owner and stockholder of the plaintiff Lurie Management Corp., to impose a constructive trust, and to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 21, 2022. The order, insofar as appealed from, denied those branches of the separate motions of the defendant Abraham Lurie and the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust which were pursuant to CPLR 2004 to extend the time to conduct a forensic examination of a certain stock certificate or commercial signature card.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2018, the plaintiffs, Neil Lurie and Lurie Management Corp. (hereinafter LMC), commenced this action against the defendant Abraham Lurie and the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust (hereinafter collectively the Trust defendants, and together with Abraham Lurie, the defendants), inter alia, for a judgment declaring that Neil Lurie is the sole owner and stockholder of LMC. The plaintiffs alleged, among other things, that Abraham Lurie gifted ownership of LMC to Neil Lurie via a stock certificate executed by Abraham Lurie in 1998. The defendants' answers asserted counterclaims, inter alia, for a judgment declaring that the Trust defendants are the sole shareholders of LMC and for an accounting. Among other things, the defendants alleged that the signature on the 1998 stock certificate for LMC was a forgery, no gift was intended, and that Abraham Lurie continued to exert dominion and control over LMC after 1998.
The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Lurie v Lurie, 200 AD3d 669) and in our decision and order on a related appeal (see Lurie v Lurie, _____ AD3d _____ [Appellate Division Docket No. 2021-04524; decided herewith]).
In an order dated April 21, 2021 (hereinafter the April 2021 order), the Supreme Court, in connection with a discovery dispute between the parties, directed that the defendants could conduct forensic examinations upon the disputed 1998 stock certificate or a commercial signature card within 30 days of the April 2021 order. Prior to the expiration of the 30-day period, Abraham [*2]Lurie and the Trust defendants separately moved, inter alia, pursuant to CPLR 2004 to extend the time to conduct a forensic examination of the 1998 stock certificate or the commercial signature card. In an order dated September 21, 2022, the court denied the motions on the ground that the defendants failed to show good cause for the extension. The defendants appeal.
CPLR 2004 provides that "the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." A motion for an extension of time is addressed to the sound discretion of the court (see Matter of Buljeta v Fuchs, 209 AD3d 730, 732; Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992). "In exercising its discretion, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion" (U.S. Bank N.A. v Sokolof, 201 AD3d 839, 841 [internal quotation marks omitted]; see Tewari v Tsoutsouras, 75 NY2d 1, 12).
Under the circumstances, we find no basis to disturb the Supreme Court's determination to deny the defendants' request to extend the time to conduct a forensic evaluation of the 1998 stock certificate or the commercial signature card (see Weathers v Tri State Consumer Ins. Co., 209 AD3d 702, 703; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038, 1039).
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court