Matter of Mattis v Walcott-Graham (2024 NY Slip Op 05347)

Matter of Mattis v Walcott-Graham

2024 NY Slip Op 05347

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05947
 (Docket No. O-31671-16)

[*1]In the Matter of Michael Mattis, appellant,
v
Nardia Walcott-Graham, respondent.

Kyle Sosebee, Brooklyn, NY, for appellant.
Deana Balahtsis, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Stephanie Schwartz, J.), dated May 23, 2023. The order, after a hearing, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In 2016, the petitioner commenced this family offense proceeding against the respondent, the mother of his children, alleging that she had committed acts constituting, inter alia, the family offenses of harassment in the second degree and disorderly conduct (see Penal Law §§ 240.26; 240.20). Following a hearing, the Family Court denied the petition and dismissed the proceeding. The court determined that the petitioner failed to establish that the respondent committed a family offense. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Matter of Cassie v Cassie, 109 AD3d 337, 340). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of the witnesses is entitled to great weight on appeal (see Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340). Where, as here, "the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). Accordingly, there is no basis to disturb the court's determination that the petitioner failed to prove by a preponderance of the evidence that the respondent committed the alleged family offenses.
The petitioner's contention that he was deprived of the effective assistance of counsel [*2]rests partially on matter dehors the record and thus is not properly before this Court (see Matter of Buljeta v Fuchs, 209 AD3d 730). To the extent this claim can be reviewed, the record, viewed in totality, reveals that the petitioner received meaningful representation (see Lazaroff v Acevedo, 193 AD3d 738, 739).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court