Matter of Camacho v Romero-Vanegas (2025 NY Slip Op 03060)

Matter of Camacho v Romero-Vanegas

2025 NY Slip Op 03060

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-03103
 (Docket Nos. V-15999-19, V-2535-20)

[*1]In the Matter of Mayra Camacho, petitioner- respondent, 
v
Evelyn Romero-Vanegas, respondent. (Proceeding No. 1.)
In the Matter of Mayra Camacho, petitioner- respondent,
v
Luis Roberto Basulto, appellant. (Proceeding No. 2.)

Jennifer Arditi, Maspeth, NY, for appellant.
Karen M. Jansen, White Plains, NY, for petitioner-respondent.
Steven P. Kmetz, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, Luis Roberto Basulto appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated February 23, 2023. The order, insofar as appealed from, after a hearing, granted the petition of Mayra Camacho against Luis Roberto Basulto for custody of the subject child and awarded Mayra Camacho sole residential and legal custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Luis Roberto Basulto is the putative father of the subject child, who was born in November 2017. Basulto resided with the child and the child's mother, Evelyn Romero-Vanegas, until approximately April 2018, when Basulto was arrested for alleged domestic violence against Romero-Vanegas. The child has continuously resided with the petitioner, Mayra Camacho, who is not related to the child, since April 2018, when Romero-Vanegas placed the child in Camacho's care.
In June 2019, Camacho filed a petition against Romero-Vanegas, seeking custody of the child. In March 2020, Camacho filed a separate petition against Basulto, also seeking custody of the child. In an order dated February 23, 2023, the Family Court, after a hearing, inter alia, granted Camacho's petition against Basulto and awarded Camacho sole residential and legal custody of the child. Basulto appeals.
"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" [*2](Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489, 490 [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 549; Matter of Brooks v Martinez, 218 AD3d 568, 568). "The burden of proof is on the nonparent to prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent" (Matter of Brooks v Martinez, 218 AD3d at 568; see Matter of Grosso v Lamb, 195 AD3d 710). "Whether extraordinary circumstances exist involves the consideration of various factors, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship, and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Brooks v Martinez, 218 AD3d at 569; see Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d at 490; Matter of Samuels v Pegues, 173 AD3d 1040, 1041).
"Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of Ferrson v Dixon, 215 AD3d 834, 835 [internal quotation marks omitted]; see Matter of King v King, 191 AD3d 881). "Factors to be considered when determining custody include which alternative will best promote stability for the child; the home environment with each party; each party's past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each party to foster a relationship with the other party" (Matter of Mooney v Mooney, 198 AD3d 784, 786 [alterations and internal quotation marks omitted]; see Matter of Boyko v Boyko, 170 AD3d 828, 828). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of King v King, 191 AD3d at 882 [alteration and internal quotation marks omitted]; see Matter of Boyko v Boyko, 170 AD3d at 829).
Here, Camacho established her standing to seek custody of the child against Basulto, the child's putative father, based upon extraordinary circumstances, including, inter alia, Basulto's history of domestic violence and prolonged separation from the child during his ensuing incarceration, the quality of the child's relationship with Camacho, and the length of time Basulto allowed Camacho's custody to continue without trying to assume a primary parental role (see Matter of Suarez v Williams, 26 NY3d 440, 451; Matter of King v King, 191 AD3d at 882; Matter of Lewis v Speaker, 143 AD3d 822, 824). Further, the Family Court's determination that the best interests of the child would be served by an award of sole residential and legal custody to Camacho is supported by a sound and substantial basis in the record (see Matter of Brittany N. v Anthony D., 202 AD3d 1086, 1088; Matter of King v King, 191 AD3d at 882).
Accordingly, the Family Court properly granted Camacho's petition against Basulto for custody of the child and awarded Camacho sole residential and legal custody of the child.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court