Matter of Battipaglia v Battipaglia

2026 NY Slip Op 02648

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Elizabeth Battipaglia, appellant,

v

Linda Battipaglia, et al., respondents. (Proceeding No. 1.)

In the Matter of Linda Battipaglia, petitioner-respondent,

Elizabeth Johnson, appellant, Robert Battipaglia, respondent-respondent. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-12693, 2024-12695, (Docket Nos. V-5553-18, V-5537-18, V-2262-21)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Diana Kelly, Jamaica, NY, for appellant.

Joan Iacono, Scarsdale, NY, for Linda Battipaglia, a respondent in Proceeding No. 1 and petitioner-respondent in Proceeding No. 2.

Jill M. Zuccardy, New York, NY, for Robert Battipaglia, a respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.

Brian O'Halloran, Staten Island, NY, attorney for the child.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Richmond County (Janet L. McFarland, J.), dated October 2, 2024, and (2) an order of the same court dated October 3, 2024. The order dated October 2, 2024, insofar as appealed from, after a hearing, in effect, granted the petition of the paternal aunt for custody of the subject child and awarded the paternal aunt sole residential and legal custody of the child, and denied the mother's petition for custody of the child. The order dated October 3, 2024, insofar as appealed from, in effect, granted the same relief to the paternal aunt and denied the same relief to the mother.

ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.

Elizabeth Battipaglia is the mother of the subject child, who was born in 2013. The mother resided with the child and the child's father until approximately 2018, when the mother was arrested and incarcerated for a period of eight months. The child has continuously resided with Linda Battipaglia, who is the child's paternal aunt, since February 2018, when the mother placed the child in the aunt's care.

In October 2018, the aunt filed a petition against the mother and the father seeking [*2]custody of the child. In September 2021, the mother filed a petition seeking custody of the child. In an order dated October 2, 2024, the Family Court, after a hearing, inter alia, in effect, granted the aunt's petition and awarded her sole residential and legal custody of the child, and denied the mother's petition. In an order dated October 3, 2024, the court, in effect, granted the same relief to the aunt and denied the same relief to the mother. The mother appeals.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489, 490 [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 549; Matter of Brooks v Martinez, 218 AD3d 568, 568). "The burden of proof is on the nonparent to prove the existence of extraordinary circumstances in order to demonstrate standing when seeking custody against a child's parent" (Matter of Brooks v Martinez, 218 AD3d at 568; see Matter of Grosso v Lamb, 195 AD3d 710, 711). Here, the aunt established extraordinary circumstances based upon, among other things, volatility in the parents' home (see Matter of King v King, 191 AD3d 881, 882; Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789; Matter of Antoinette M. v Paul Seth G., 202 AD2d 429, 429).

"Once there is a finding of extraordinary circumstances, a best interests determination is triggered" (Matter of Brooks v Martinez, 218 AD3d at 568). "Factors to be considered when determining best interests include which alternative will best promote stability for the child; the home environment with each party; and each party's past performance, relative fitness, and ability to guide and provide for the child's overall well-being" (id. at 569; see Matter of Mooney v Mooney, 198 AD3d 784, 786; Matter of Boyko v Boyko, 170 AD3d 828, 828). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of King v King, 191 AD3d at 882 [alterations and internal quotation marks omitted]; see Matter of Boyko v Boyko, 170 AD3d at 829).

Here, the Family Court's determination that the best interests of the child would be served by an award of sole residential and legal custody to the aunt is supported by a sound and substantial basis in the record, based upon the aunt's ability to provide for the child's financial, educational, emotional, and medical needs (see Matter of Camacho v Romero-Vanegas, 238 AD3d 1028, 1028-1030; Matter of Brittany N. v Anthony D., 202 AD3d 1086, 1088; Matter of King v King, 191 AD3d at 882).

The mother's remaining contention is without merit.

Accordingly, the Family Court properly, in effect, granted the aunt's petition for custody of the child and awarded the aunt sole residential and legal custody of the child, and properly, in effect, denied the mother's petition for custody of the child.

GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court